CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 DEC -5 AM 11:55
DEPUTY CLERK  ac

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JACKIE LEE DAVIDSON, II, PRO SE, | § | |
| also known as JEREMY DEAN CLARK, | § | |
| also known as JACKIE DAVIDSON, | § | |
| also known as JACKIE DEAN DAVIDSON, | § | |
| also known as JERMAY DEAN CLARK, | § | |
| also known as JACKIE DEAN DAVISON, | § | |
| also known as JACKIE LEE DAVIDSON, | § | |
| also known as SEAN McLEAN, | § | |
| also known as JACKIE DAVIDSON, II, | § | |
| County No. 7651, | § | |
| Previous TDCJ-CID No. 1165762, | § | |
| Previous TDCJ-CID No. 1302194, | § | |
| Previous TDCJ-CID No. 1437857, | § | |
| FBI No. 903274LB7, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0038 |
| | § | |
| MICHAEL PIGG, Sheriff, and | § | |
| DONNA FANNING, Captain, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JACKIE LEE DAVIDSON, II, acting pro se and while a prisoner confined in the Childress County Jail, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff alleges on or about January 19, 2011, he requested to go to the law library and was told to contact his lawyer. Plaintiff states he has filed a civil rights lawsuit, cause no. 2:011-CV-0029 in this Court and was instructed to read and follow the Federal Rules of Civil Procedure and Local Rules of Court, but cannot do so without access to a law library. Also, he says, he was

told by his attorney in his criminal case to research change of venue, but cannot do so without access to a law library.

Plaintiff requests equitable relief in the form of access to a law library, and monetary relief of $1,500.00 from each defendant and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

An inmate who claims to have suffered a deprivation of access to library resources must show he has suffered an actual injury[3] stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

Concerning plaintiff's civil rights lawsuit, cause no. 2:11-CV-0029, plaintiff has failed to show he has suffered any prejudice to his position as a litigant. Although plaintiff presumably has not been able to read the Federal Rules of Civil Procedure or the Local Rules, he has suffered no adverse ruling because of it and cannot point to such. Therefore, plaintiff has failed to state a claim involving his civil rights lawsuit.

As to plaintiff's criminal case, plaintiff's rights are guaranteed by the Sixth Amendment, which makes provision only for the assistance of counsel. In *Bounds v. Smith*, the Supreme Court found convicted inmates enjoy a right of adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*, so they will have "a reasonable opportunity to file nonfrivolous legal claims challenging [their] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Plaintiff has not been convicted and has not shown he has suffered prejudice to his position as a litigant in his civil rights lawsuit. Therefore, if the State makes available the assistance of counsel, it has fulfilled its obligation under both *Bounds* and the Sixth Amendment.

---

[3]It is doubtful that plaintiff can show an actual injury at this point. He has not alleged any specific injury to date.

3

The Fifth Circuit has held that even if a defendant rejects the assistance of court-appointed counsel, he has no constitutional right to access a law library in preparing a pro se defense of his criminal trial. *Degrate v. Godwin*, 84 F.2d 768, 769 (5th Cir. 1996); *see, also, Degrate v. Toney*, 2009 WL 1309728, CA-08-1943 (W.D. La. May 11, 2009). This holding is in accord with that of several other circuits on the same issue. *See, e.g., United States v. Smith*, 907 F.2d 42, 45 (6th Cir.)(state does not have to provide law library access to defendants who wish to represent themselves), *cert. denied*, 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 533 (1990); *United States ex rel George v. Lane*, 718 F.2d 226, 233 (7th Cir. 1983)(state not required to offer defendant law library access once it offered the defendant assistance of counsel); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982)(prisoner's Sixth Amendment right to self-representation does not include a right to conduct research at the government's expense), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983); *Kelsey v. State of Minn.*, 622 F.2d 956, 958 (8th Cir. 1980)(holding that a prisoner's constitutional right of access to courts did not obligate officials to provide him with an adequate law library where alternative means of satisfying access to courts were available); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978)(obligation to provide access to the courts was satisfied by offering defendant the assistance of counsel); *Love v. Summit County*, 776 F.2d 908, 912-13 (10th Cir. 1985), *cert. denied*, 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2fd 25 (1986)(pretrial detainee is not entitled to access a law library if other available means to access the court exist)(quoting *Bounds v. Smith*, 430 U.S. 817, 839, 987 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *but see, Milton v. Morris*, 767 F.2d 1443 (9th Cir. 1985), distinguishing *United States v. Wilson*, 690 F.2d 1267 (9th Cir. 1982) and *United States v. Chatman*, 584 F.2d 1358 (4th Cir. 1978).

For the reasons set forth above, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JACKIE LEE DAVIDSON, II, is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 5th day of December, 2011.

MARY LOU ROBINSON
United States District Judge